# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| **R. ALEXANDER ACOSTA,** Secretary of Labor, United States Department of Labor,<br><br>    Plaintiff,<br><br>    v.<br><br>**HEALING SPRINGS MED-CARE, LLC,**<br><br>**and**<br><br>**KENNETH UWAEZUOKE,**<br>    **Individually,**<br><br>    Defendants. | Civil Action No. 1:18-cv-325 |

# **COMPLAINT**

Plaintiff, Secretary of Labor, United States Department of Labor (Plaintiff), brings this action to enjoin Defendant Healing Springs Med-Care, LLC and Kenneth Uwaezuoke, individually (collectively, "Defendants") from violating the provisions of Sections 7, 11, and 15 of the Fair Labor Standards Act of 1938, as amended (29 U.S.C. 201 et seq.) ("the Act"), pursuant to Section 17 of the Act and to recover unpaid overtime compensation owed to Defendants' employees, together with an equal amount as liquidated damages, pursuant to Section 16(c) of the Act.

**I.**

Jurisdiction of this action is conferred upon the court by Sections 16(c) and 17 of the Act and 28 U.S.C. § 1345.

**II.**

(a) Defendant, Healing Springs Med-Care, LLC ("Healing Springs"), is an Ohio limited liability corporation with its main office and principal place of business at 1821 Summit Road, Suite 200 in Cincinnati, Ohio, which is within the jurisdiction of this court and is, and at all times hereinafter mentioned was, engaged as a home health care agency and in performance of related types of activities. Defendant Healing Springs has a second office and place of business at 4130 Linden Avenue, Suite 232 in Dayton, Ohio.

(b) Defendant, Kenneth Uwaezuoke (Uwaezuoke), is the sole owner of Defendant Healing Springs and, at all times hereinafter mentioned, actively supervised the day-to-day operations and management of the corporate Defendant in relation to its employees, including, but not limited to, collecting time sheets from employees and directing employees' work. At all times hereinafter mentioned, Defendant Uwaezuoke was engaged in business within Hamilton County at 1821 Summit Road, Suite 200 in Cincinnati, Ohio, which is within the jurisdiction of this court.  Defendant Uwaezuoke acted directly or indirectly in the interest of Healing Springs in relation to its employees and is an employer within the meaning of Section 3(d) of the Act.

**III.**

Defendants are and, at all times hereinafter mentioned, were engaged in related activities performed through unified operation or common control for a common business purpose, and are and, at all times hereinafter mentioned, were an enterprise within the meaning of Section 3(r) of the Act.

**IV.**

Defendants are and, at all times hereinafter mentioned, were an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of the Act, in that said enterprise at all times hereinafter mentioned had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has and has had an annual gross volume of sales made or business done of not less than $500,000. Specifically, Defendants employed home health aides who performed domestic service in households.

**V.**

Defendants repeatedly violated the provisions of Sections 7 and 15(a)(2) of the Act by employing many of their employees who in workweeks were engaged in commerce or in the production of goods for commerce, or who were employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act as aforesaid, for workweeks longer than forty hours without compensating said employees for hours worked in excess of forty hours per week during such workweeks at rates not less than one and one-half times the regular rate at which they were employed. Specifically, Defendants did not pay premium wages to hourly employees who worked in excess of forty hours in a workweek.

**VI.**

Defendants, employers subject to the provisions of the Act, repeatedly violated the provisions of Sections 11(c) and 15(a)(5) of the Act in that they failed to make, keep,

and preserve adequate and accurate records of their employees and the wages, hours, and other conditions and practices of employment maintained by them as prescribed by regulations duly issued pursuant to authority granted in the Act and found in 29 C.F.R. Part 516, in that records fail to adequately and accurately show, among other things, the money paid by Defendants to all employees for hours worked.

**VII.**

During the period since November 12, 2015, Defendants repeatedly violated the aforesaid provisions of the Act. A judgment which enjoins and restrains such violations and includes the restraint of any withholding of payment of overtime compensation found by the court to be due to present and former employees under the Act is expressly authorized by Section 17 of the Act.

WHEREFORE, cause having been shown, Plaintiff prays for judgment against Defendants as follows:

A. For an Order pursuant to Section 17 of the Act, permanently enjoining and restraining Defendants, their officers, agents servants, employees, and those persons in active concert or participation with them, from prospectively violating the provisions of Section 15 of the Act; and

B. For an Order:

1. pursuant to Section 16(c) of the Act, finding Defendants liable for unpaid overtime compensation due Defendants' employees and for liquidated damages equal in amount to the unpaid compensation found due their employees listed in the attached Exhibit A (additional back wages and liquidated damages may be owed to

certain employees presently unknown to Plaintiff for the period covered by this complaint); or, in the event liquidated damages are not awarded,

    2. pursuant to Section 17, enjoining and restraining Defendants, their officers, agents servants, employees, and those persons in active concert or participation with them, from withholding payment of unpaid overtime compensation found to be due Defendants' employees and pre-judgment interest computed at the underpayment rate established by the Secretary of the Treasury, pursuant to 26 U.S.C. § 6621; and

C. For an Order awarding Plaintiff the costs of this action; and

D. For an Order granting such other and further relief as may be necessary and appropriate.

*/s/ Joseph M. Berndt*
**JOSEPH M. BERNDT**
Trial Attorney
US Department of Labor
1240 East 9th Street, Rm. 881
Cleveland, Ohio 44199
(216) 522-3875 direct
(216) 522-7172  facsimile
email: berndt.joseph.m@dol.gov

OF COUNSEL:

BENJAMIN T. CHINNI (0025356)
Associate Regional Solicitor

MAUREEN M. CAFFERKEY (0031165)
Counsel for Wage Hour